IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY GOLSTON, #143325, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-946-MHT |
| | ) | [WO] |
| | ) | |
| GARY HETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Anthony Golston ["Golston"], a state inmate, alleging that correctional officers used excessive force against him in December of 2010 while another officer failed to protect him from this use of force. In addition, Golson challenges the general conditions of confinement at the Easterling Correctional Facility ["Easterling"].

The defendants filed a special report and supporting evidentiary materials addressing the claims raised by Golston in his complaint. In these documents, the defendants adamantly deny the allegations presented by Golston and maintain that correctional officers used only the amount of force necessary to subdue Golston after he attempted to kick an officer. They further deny that the conditions of confinement at Easterling have violated Golston's constitutional rights.

On April 18, 2013, Golston filed a motion for preliminary injunction in which he

requests that the defendants be compelled to transfer him to another correctional facility because he believes that the water used at Easterling is contaminated. *Doc. 19* at 1. The defendants filed responses, supported by an affidavit and the 2012 Annual Drinking Water Quality Report for the Easterling water source, in opposition to the motion for preliminary injunction. In their responses, the defendants deny the allegations made by Golston and maintain that the water utilized at Easterling "is in full compliance with the Safe Drinking Water Act and all Alabama Department of Environmental Management regulations." *Doc. No. 27-1* at 2.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Golston demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four

requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Golston has failed to demonstrate a substantial likelihood of success on the merits of his claims. The assertions contained in the motion for preliminary injunction are merely conclusory, self-serving allegations regarding alleged contamination of the water supply at Easterling. The evidentiary materials submitted by the defendants refute this assertion and

demonstrate that the water used at Easterling is in compliance with state and federal regulations. In addition, Golston has utterly and completely failed to demonstrate a substantial threat that he will suffer a requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the defendants as issuance of the requested injunction would severely undermine the authority of correctional officials by limiting their discretion in assigning inmates to particular correctional facilities. In essence, granting the relief requested by Golston would provide an inmate the means by which to dictate where he could be housed by simply challenging conditions of the prison wherein he is currently incarcerated. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Golston has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on April 18, 2013 be DENIED; and

2. This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before June 13, 2013**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 30th day of May, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE